# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

FILED FEB 19 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

Donald Kitchens, )
    Plaintiff, )
)
v. ) 1:09cv795 (AJT/IDD)
)
V.W. Francis and Gene M. Johnson, )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Donald Kitchens, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, apparently alleging that he cannot receive a $25.00 release gratuity if he is not transferred to another facility before his release date. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I.

Plaintiff was an inmate at the Southampton County Jail on June 8, 2009, when he was informed by jail officials that if he was transferred to a Virginia Department of Corrections

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

("VDOC") facility before his scheduled release date, he would receive a $25.00 release gratuity and bus fare upon his release from the VDOC facility. If he was not transferred, he would not receive the gratuity. According to plaintiff, he mailed a written complaint concerning this policy to defendant Johnson and instigated this lawsuit after ten business days passed without a reply. As relief, plaintiff seeks $25.00 and bus fare.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## III.

Section 1983 is designed to address violations of constitutional rights. Plaintiff has explicitly alleged no violation of any constitutional rights. However, construing plaintiff's

complaint liberally, plaintiff may wish to allege a violation of his due process rights. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to prevail on either a procedural or substantive due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. See Plyler v. Moore, 100 F.3d 365, 374 (4th Cir. 1996). To establish liability under § 1983, a plaintiff must show that "the defendants acted intentionally in depriving him of his protected interest." Id. (stating that "because the protections of the Due Process Clause are not triggered by the 'mere failure to take reasonable care,' negligent deprivations are not actionable under § 1983").

Plaintiff has demonstrated no protected interest in a release gratuity or bus fare. Several courts have held that there is no constitutional right to release gratuities. See generally McKinnon v. Haynes, 2007 WL 3275112 at *3 (N.D. W. Va. Nov. 5, 2007); Moes v. Baney, 2005 WL 489961 at *2 (D. Md. Nov. 1, 2005) (finding that release gratuities in the federal Bureau of Prisons system are discretionary in nature); Morrow v. Rios, 2009 WL 924525 at *14 (D. Minn. March 31, 2009) (slip op.) ("Petitioner's interest in a release gratuity does not rise to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause."). Thus, taking all of his allegations as true, plaintiff has failed to state a claim of a violation of his Fourteenth Amendment due process rights, and the complaint must be dismissed for failure to state a claim pursuant to § 1915A.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

3

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[1] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 19th day of February 2010.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia

---

[1] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.